MICHELE BECKWITH
Acting United States Attorney
CALVIN LEE
ARIN C. HEINZ
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>LAKOTA TEHYA WAKLEY,<br><br>          Defendant. | Case No: 1:24-CR-00308-KES-BAM<br><br>**STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION OF PROTECTED INFORMATION; PROTECTIVE ORDER RE: SAME** |

WHEREAS, This Court may enter protective orders pursuant to Fed. R. Crim. P. 16(d), 18 U.S.C. §§ 3509(d)(3) and 3771(a), and its general supervisory authority.

WHEREAS, the discovery in this case contains private personal information regarding third parties, including but not limited to private medical information, autopsy photographs, coroner's report, and private personal identifying information for a victim and witnesses ("Protected Information"); and

1

WHEREAS, the parties desire to avoid both the necessity of large scale redactions and the unauthorized disclosure or dissemination of this information to anyone not a party to the court proceedings in this matter;

The parties agree that entry of a stipulated protective order is therefore appropriate.

THEREFORE, defendant LAKOTA TEHYA WAKLEY, by and through his counsel of record, Mark W. Coleman ("Defense Counsel"), and the United States of America, by and through Assistant United States Attorney Calvin Lee, hereby agree and stipulate as follows:

1. This Court may enter a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to or made available to Defense Counsel as part of discovery in this case (hereafter, collectively known as "the discovery").

3. By signing this Stipulation and Protective Order, Defense Counsel agrees not to share any documents or other information that contain Protected Information with anyone other than Defense Counsel's attorneys, designated defense investigators, designated defense experts, and support staff. Defense Counsel may permit the defendant to view unredacted documents or other information in the presence of his attorneys, defense investigators, and/or support staff. The parties agree that Defense Counsel, defense investigators, and support staff shall not allow the defendant to copy Protected Information contained in the discovery.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States of America ("Government"). Defense Counsel will return the discovery to the Government or alternatively keep it archived within its sole possession at the conclusion of the case.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. Original cellphones belonging to any third parties, including original full extractions from those cellphones, shall remain in possession of the Government. Upon written request by Defense Counsel to Melina Ortiz Gonzalez (melina.ortizgonzalez@usdoj.gov), the Government will make original third-

party cellphones and their original extraction data available for inspection by the Defense Counsel on the premises of the U.S. Attorney's Office for the Eastern District of California.

7. Defense Counsel shall be responsible for advising the Defendant, employees, and other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

8. In the event that Defendant substitutes counsel, undersigned Defense Counsel agrees to return the discovery to the government, or, at the request of government counsel, to forward it to new counsel after new counsel has confirmed to government counsel in writing his or her agreement to the terms of this Order.

9. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

IT IS SO STIPULATED.

(*As auth 1/17/2025*)

Dated: January 17, 2025          /s/ Mark W. Coleman
                                 Mark W. Coleman
                                 Attorney for Defendant
                                 Lakota Tehya Wakley

Dated: January 17, 2025          Michele Beckwith
                                 Acting United States Attorney

                            By:  /s/ Calvin Lee
                                 Calvin Lee
                                 Assistant U.S. Attorney

IT IS SO ORDERED.

Dated: 1/21/2025                 *Sheila K. Oberto*
                                 Hon. Sheila K. Oberto
                                 UNITED STATES MAGISTRATE JUDGE